## STATE ex rel QUACKENBUSH,
*Respondent - Cross-Appellant,*

*v.*

## QUACKENBUSH,
*Appellant - Cross-Respondent.*

## (77-11-272; CA A28892)

685 P2d 1019

Janet A. Metcalf, Portland, argued the cause for appellant - cross-respondent. With her on the briefs were Helen Dillon, Portland, and English & Metcalf, Portland.

Charles F. Hinkle, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Stoel, Rives, Boley, Fraser & Wyse, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

This appeal is the latest round in an ongoing battle between the former husband and wife concerning custody of one of their children, child support and spousal support. Husband appeals and wife cross-appeals from an order entered in March, 1983, after hearings on motions filed by each of the parties in early 1982. Wife's motion was to have husband adjudged in contempt for failure to pay spousal and child support. Husband's motion was to have wife adjudged in contempt for allegedly interfering with his summer visitation with his daughter; he also sought to have the dissolution decree modified by eliminating spousal and child support.

■ The order from which the parties appeal modified husband's spousal support by reducing it to $250 per month and by reducing child support for his daughter to $150 per month; it also adjudged husband in wilful contempt for failure to pay past support as ordered and provided that his contempt could be expunged by his paying no less than $150 per month on child support arrearages and $250 per month on spousal support arrearages. On his appeal, husband assigns error to the trial court's ordering him to produce his personal and his professional corporation's tax returns, in finding him to be in wilful contempt and in failing to terminate both his spousal and child support obligations. We affirm.

■ On her cross-appeal, wife assigns error to the trial court's failing to order husband to terminate his retirement plans and to pay wife the proceeds he receives, in reducing husband's support obligations and in failing to enter a lump sum judgment for accrued and unpaid support up to the date of the hearing. We find no error in the first two assignments, but conclude that the trial court should have determined the amount of arrearages owing by husband on both child and spousal support at the time of the hearing in order to give wife an adjudicated basis on which to levy execution on the judgment in the amount of those arrearages, if she is able to find assets of husband that may be subject to execution.

Accordingly, we remand the case for a determination of the amount of those arrearages as of that date of the hearing on remand. At that time, if it appears that husband has failed to comply with the court's latest order to pay either the reduced spousal and child support or the amounts required to

purge his contempt, the trial court should reconsider sanctions, including the imprisonment of husband pursuant to ORS 33.020(2), if and when he comes within the court's jurisdiction.

Affirmed on appeal; remanded on cross-appeal to determine amount of spousal and child support in arrears at time of hearing on remand, and to reconsider sanctions, if appropriate; costs to wife.